STATE v. JOHN BRESKO.

Decided February 19, 1925.

Crimes—Rape—Writs of Error—Exceptions—Case for Common Law Review—Exceptions Not Authenticated—Settled That in Criminal Cases, Except Those Under Criminal Procedure Act, Section 136, Court Will Not Consider Unauthenticated Exceptions.

On error to the Middlesex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff in error, *Richardson & Lyons.*

For the state, *Joseph E. Stricker,* prosecutor of the pleas.

PER CURIAM.

The defendant was convicted upon an indictment charging him with rape upon the body of one L. C. The record sent up with the writ of error discloses that the case comes before us in the shape of a common law review, and not a certified case in conformity with the one hundred and thirty-sixth section of the Criminal Procedure act. The assignments of error are, each of them, directed at alleged erroneous rulings of the court with relation to evidence offered at the trial and other matters occurring during the course thereof, and with relation to the charge to the jury.

It is enough to say, in disposing of the case before us, that, although the rulings of the court referred to in the assignments were apparently made the subject of exceptions, none of these exceptions have been authenticated by the signature and seal of the trial judge, and this applies also to those assignments relating to the charge to the jury. It is entirely settled that, in criminal cases, other than those which come up for review under section 136 of the Criminal Procedure

act, the court of review will not consider exceptions unless they have been authenticated. *State* v. *Savage*, 79 *N. J. L.* 583; *State* v. *Ramage*, 91 *Id.* 435.

The conviction under review will be affirmed.